## W. B. KING v. MORGAN JONES.

### No. 6376.

1. **Actual Settler—Power of Land Board.**—Under Act of April 12, 1883 (Laws of Eighteenth Legislature, page 85), the Land Board had the power to inquire into and to determine whether or not the facts actually existed upon which an actual settler claimed the right to purchase.

2. **Same—Declaring Forfeiture.**—Subject to the right of an aggrieved party to appeal to the courts for redress, the Land Board had the right to declare a purchase forfeited in favor of another.

3. **Same—Fact Case.**—See facts where the claim of a party to a tract of school land as an actual settler was properly annulled by the Land Board upon the ground

that the claimant was not an actual settler when the land was awarded him, nor had he settled upon it within the time required, having in fact resided during the entire period in another county.

APPEAL from Hardeman.    Tried below before Hon. J. V. Cockrell. The opinion gives the facts.

*Charles V. Wheeler* and *Leake & Henry,* for appellant.—If it be conceded that plaintiff failed to comply with the requirements of law after the award to him by the State Land Board and thereby lost his right to claim the ownership of said land, defendant was not entitled to the award of the land by the Land Board until plaintiff's title was attacked and declared null and void by some competent judicial tribunal in a direct proceeding therefor, and as the laws fail to point out any manner or tribunal wherein this can be done, title to the land must remain in plaintiff until some mode is provided.    The statute at most only forfeits the money paid prior to six months after the award, but provides no method for even this forfeiture.    It does not provide for forfeitures. of other payments or of purchasers' rights in the land.    Holliman v. Peebles, 1 Texas, 705; Bowmer v. Hicks, 22 Texas, 155; Rivers v. Foote, 11 Texas, 672; Hancock v. McKinney, 7 Texas, 450.

*Hankins & Ferguson,* for appellee.—If appellant made application for the land, not with the intention of making it his homestead in accordance with his application, but for the purpose of speculation only, then he could not recover.    The actual settlement was the condition on which the law authorized the sale of agricultural lands, and unless there was a compliance with such condition he could not recover.    Taylor v. Burke, 66 Texas, 643.

ACKER, PRESIDING JUDGE.—During the months of November and December, 1884, W. B. King was in Hardeman County surveying for a railway company.    At the election on the 3rd day of December of that year he was a candidate for the office of surveyor of that county, but was defeated, and soon thereafter he returned to Fort Worth, where he had a home and where his family resided, he being a married man and owning a house and lot in which his family resided at Fort Worth.    He was elected city engineer of the city of Fort Worth in April, 1885, and was holding that office at the time of the trial.

On the 13th of December, 1884, King made application as an actual settler to purchase section 140 of block H of the Waco & Northwestern Railway Company's survey, arable land belonging to the school fund, and stated in his application and made affidavit that he desired the land for a homestead, and that he would within six months become an actual settler and resident upon the land, and continue to reside upon and improve

the same for three consecutive years, and that he would not sell or rent the same to any other person except to such as would continue to reside upon and improve the same as a homestead.

The State Land Board, under the Act of April 12, 1883, awarded the land to King on the 25th day of January, 1885, and he made the cash payment and executed his obligation for the balance of the purchase money as required by law and the regulations prescribed by the Land Board, and had paid all interest accruing up to the time of the trial. Within six months after his application to purchase King had a house of the value of about $250 built upon the land, but neither he nor his family ever resided on the land, but continued their residence in the city of Fort Worth, where he was a candidate for re-election to the office of city engineer at the time the case was tried. He never took a meal in the house, and his family were never upon the land at all. He never had a tenant on the land, nor was any one ever in possession of it by contract with him until some time in 1886, when J. A. Green went into possession, and afterwards moved his family into the house in June, 1886, and King contracted to sell him 20 acres of the land and the house.

On the 12th day of February, 1886, Morgan James made application to purchase the land in accordance with the law and the rules and regulations prescribed by the Land Board, and on July 1, 1886, James gave King notice to show cause before the Land Board why his application and claim should not be forfeited and the land awarded to James. King failed to appear before the Land Board, and on the 10th day of July, 1886, the Land Board made an order declaring King's application and claim forfeited on the ground of failure of settlement, and on that day awarded the land to James, who built a house thereon and moved into it with his family within three months after the land was awarded to him, and has resided there ever since. Both King and James made application as actual settlers. James actually settled on the land and complied in all respects with the requirements of the law and the rules and regulations of the Land Board.

King brought this suit against James in trespass to try title and to remove clouds from his title. The defendant pleaded not guilty. The trial by jury resulted in a verdict and judgment for defendant, and plaintiff appealed.

Section 6 of the Act of April 12, 1883, contains the following: "Provided, that agricultural lands shall be sold only to actual settlers." It is not claimed that the land in controversy is other than arable or agricultural land, nor is it seriously insisted that King was ever an "actual settler" on the land; but we understand the contention to be that his application having been made in compliance with the requirements of the statute and the rules and regulations prescribed by the Land Board, and the land having been awarded to him, and he having performed his part

of the contract in respect to payments and executing his obligation, the Land Board had no power to go back of the application and declare a forfeiture of plaintiff's claim to the land upon the ascertainment of the nonexistence of the facts indispensable to his right to purchase.

The Act of April 12, 1883, created the Land Board and directed how the land should be placed upon the market "until otherwise prescribed by the board" (section 7), from which we understand it to have been the intention of the Legislature to confer upon the Land Board the power to prescribe rules and regulations to govern the sales of the lands. In keeping with the unvarying policy of our Legislature, in enacting the statute of April 12, 1883, it manifestly was the intention of the Legislature to encourage the settlement and development of the State by giving to actual settlers the preference in applications to purchase, and we think it was the legislative intent that the Land Board should have the power to inquire into and determine whether or not the facts upon which the actual settler's preferred right of purchase was made dependent actually existed.

The power to determine the question of actual settler or not seems to us necessarily incident to the general powers conferred and duties imposed upon the Land Board. Otherwise the ex parte statement by the applicant of the existence of the facts upon which the right of purchase depends and the performance of other acts required, however false and fraudulent such statement may be, would withdraw the land from the control of the Land Board and from the market until the State, by incurring the expense and delay of a suit, could have the forfeiture of the applicant's claim judicially determined. If the application and award deprived the Land Board of the right to inquire into the facts upon which the application was based, then the settlement of the land must be delayed until the State should obtain a judicial declaration of forfeiture; for so long as the award was in force no individual could acquire such right or interest in the land as would entitle him to maintain a suit for it. We think it quite clear that such was not the legislative intent.

We have no doubt that the exercise of this power by the board is subject to revision by the courts, and any abuse of it may be remedied at the suit of the injured party. This suit brought before the court the examination of that very question, and it seems to have been fully submitted to the jury and fairly tried, with the result of a judicial forfeiture of appellant's claim to the land. So if we are mistaken in the view that the Land Board had the power to inquire into the facts and declare the forfeiture, that has been accomplished by this suit in the manner contended for by appellant.

The appellant's right to purchase was dependent upon his becoming an actual settler, and until he became an actual settler he had no right to sell the land as authorized by the twelfth section of the act. That the evidence adduced utterly failed to show that he ever acquired the right

to purchase by becoming an actual settler we think is too plain to require discussion.

Without a separate consideration of the several assignments of error, we think it sufficient to say that the question of fact upon which the respective rights of the parties depended was fairly submitted to the jury, and the evidence abundantly sustains the verdict.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted October 21, 1890.

Justice Henry not sitting.