MARY HANCOCK, DEFENDANT IN ERROR, v. THE SU-
PREME COUNCIL CATHOLIC BENEVOLENT LEGION,
PLAINTIFF IN ERROR.

Submitted March 25, 1902—Decided June 16, 1902.

1. The register of a parish of a Catholic Church kept as required by
   the rules and laws of the church, when produced, is admissible
   in evidence; and it is of such a public nature that its contents
   may be proved by an immediate copy duly verified.
2. The clerk of the parish, in whose custody such a register is, may
   produce it before a commissioner appointed by the court to take
   his testimony and at the same time produce and compare there-
   with certain certified copies of entries therein which he has made
   and duly signed, and upon his then testifying to the accuracy of
   the copies so certified, and the commissioner then marking the
   same as a part of the testimony of the witness, such copies will
   become admissible in evidence as part of the deposition.

On contract.  On error to the Essex County Circuit Court.

For the plaintiff in error, *Thomas J. Lintott* and *Frederick
T. Johnson.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

FORT, J.  This was a suit on a benefit certificate issued by
the defendant society to one Peter Hancock in his lifetime.
The defence relied upon was that the insured had made a
material misstatement regarding his age in his application for
membership.  At the close of the case the trial judge, having
excluded a certain alleged deposition upon which the defend-
ant chiefly relied, directed a verdict for the plaintiff.

It will be unnecessary to consider any other question than
the exclusion of the deposition in this case.  If that was error,
a new trial must follow.

On June 29th, 1901, a commission issued to take the deposi-

tion of James Prendergast, a resident parish priest of Tallow, County Waterford, Ireland. Before the commission was executed he died. Under the commission the commissioner took the testimony of Michael ·Tully, the clerk of the parish of Tallow. His testimony was returned, with the commission, by the commissioner.

To allow this testimony to be admitted in evidence, under the commission as returned, the attorney· of the defendant drew and signed the following stipulation:

"Whereas, James Prendergast, named in the commission issued in this cause as a witness on behalf of defendant, has departed this life, and the testimony of Michael Tully was taken and returned by the commissioner in lieu of the testimony of said James Prendergast, it is hereby stipulated and agreed that no objection shall be made to the said testimony on that ground, but that the same may stand as if the said Michael Tully had been named in said commission.

"And whereas, the several exhibits returned with the said commission purport to contain statements of the contents of a certain parish register, although the same are not certified on said exhibits to be exact copies of entries therein, it is stipulated and agreed that each of said exhibits shall be read as. if in the following words: 'I hereby certify that the following is a true copy of an entry in the parish register of the Catholic Church of Tallow, County Waterford, Ireland, under date of ————,' and continuing in the words setting forth the baptism, &c., as at present set forth in each. of said exhibits, and with the·same signature and certification as at present.

"ABNER KALISCH,
"*Attorney of Plaintiff.*"

Even under this stipulation the learned trial judge excluded the deposition of Tully because the statements in it were not sufficient to make the records therein referred to as taken from the parish register of baptisms admissible either as a certified or a sworn and examined copy thereof.

A sworn and examined extract from the parish records of the Catholic Church, kept under the rules and requirements of that church, showing the baptism of a deceased person and reciting the names of his parents and stating the date of his baptism, supported by the evidence of the parish priest, or the clerk of the parish who has the actual custody of the records, is admissible in evidence. *Hunt* v. *Chosen Friends,* 46 *Mich.* 671.

The original register of a parish is admissible in evidence. 1 *Greenl. Evid.,* § 493.

Greenleaf says: "Books of this public nature, being themselves evidence, when produced, their contents may be proved by an *immediate copy* duly verified." Of this description are parish registers. *Greenl. Evid.* (*15th ed.*), § 484.

The following extract from the register, viz., "Buried in Christ Church-yeard March 23, 1788, Charles Walling." Signed, "Albert G. Bird, Clerk," and duly certified by the bishop, &c., was admitted in evidence when it was testified by the then clerk of Christ Church, St. Peter's and St. James, in Philadelphia, that the extract was truly copied from the original register-book. And of this record the Supreme Court of the United States said: "The entries in the register of burials and in the family Bible are admissible evidence in a case like the present; and if there were no other proof of the death of Charles Walling, the ancestor of the complainants, they might be considered as showing his death in 1788.". *Lewis* v. *Marshall,* 5 *Pet.* 470, 476.

Examined copies of parish registers are admitted by the courts of England, as also are copies certified by the curate. *In re Porter's Trusts,* 25 *L. J. Ch.* 688; *Doe* v. *Barnes,* 1 *Moo. & R.* 386.

*Taylor on Evidence* states the rule as to the admission of this class of testimony this way: "It has become a common law axiom of almost universal application that whenever a book is of such a public nature as to be admissible in evidence, on its mere production from the proper custody, its

contents may be proved by an authentic copy. So anxious are the judges not to break upon this rule, founded, as it is, on public convenience, that even though the original document be in court, they will not require its production, but will admit the copy, provided its authenticity be established;" and then says: "An examined copy, duly made and sworn to by a competent witness, has ever been considered as authentic within the meaning of the above axiom." 2 *Tayl. Evid.* 1364.

At the trial of this cause the trial judge first admitted the deposition of Tully, and afterwards struck it out. He was right in the first instance. By the stipulation Tully's deposition was made as admissible, under the commissioner's return, as Prendergast's would have been.

Tully testified and produced before the commissioner the original register of baptisms of the parish from January 1st, 1820, to January 1st, 1841. He read from the register the original entry of the baptism of the children of Robert Hancock and Julia, his wife. His testimony was given in answer to the following question:

"*D. Q.* 14. Please turn to the records or registers of baptism of the children of Robert Hancock and Julia Hancock, his wife, otherwise Julia McGrath (maiden name), and give the names of all the children of said Robert Hancock and Julia Hancock, otherwise Julia McGrath, his wife, baptized in the parish of Tallow between the dates 1st January, 1820, and 1st January, 1840, and state fully all the information disclosed in said register, name of child, date of baptism, name of father, maiden name of mother, by whom the ceremony was performed, the names of sponors, and if you find a record of the baptism of any such child or children, make extracts of the same, certify and present same to the commissioner, to be annexed to your direct questions."

To this question he answered fully, giving in the answer the name and date of baptism as shown on the register. This was quite as permissible as if the book were in court at the trial. Then, in further response to the question, he produced duly-certified copies (put into due form by the admission in the stipulation), signed by him as "Clerk of Chapel Tallow,

Co. Waterford, Ireland," and upon each of these there appears this endorsement by the commissioner before whom the deposition was taken:

"29th August, 1901.

"Produced and proved by Michael Tully at time and place where his evidence was taken.

"(Signed)     W. H. FARRELL."

Each certificate is annexed to and returned with the deposition.

The trial judge seemed to think that even a truly-compared certified copy of a parish register might, under proper conditions, be admissible in evidence. Possibly this is true if the certificate of the priest or clerk be made before a commissioner appointed to take the testimony and the certificate is returned with the evidence, and as a part thereof, taken under the commission. But that is not decided, for the reason that in this case the evidence of Mr. Tully as to the certificates returned makes them duly-examined and verified copies of the parish register, and they would have been admissible if he had been at the trial and produced the same, and had testified that he had made the copies from the original records, and had duly compared them therewith, and that they were true copies thereof.

At the end of the clerk's testimony, after he had produced the original registers and the certificates, and after he had made and compared them and read from both before the commissioner, this statement and question appear:

"In the certificates or extracts from the register now handed by me to the commissioner I have given fully all the information disclosed by said register; after the entries in the register appear the names of the clergymen, as shown on my certificates.

"*D. Q.* 15. Are the extracts and each of them now presented to the commissioner true and correct certificates or entries taken from the original register of baptisms from the parish of Tallow of the persons named?

"*A.* They are."

MARCH TERM, 1902.          619

*38 Vroom.*          Paynter v. Bridgeton, &c., Trac. Co.

This seems to leave no room for controversy as to the admissibility of this testimony under the rules of evidence applicable to examined and verified copies.

The evidence contained in the deposition of Mr. Tully was material, in fact, vital, to the defendant's case, and its exclusion was error, for which there must be a reversal of the judgment and a *venire de novo.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, ADAMS, VREDENBURGH, VOORHEES, VROOM. 14.