MARY HANCOCK, DEFENDANT IN ERROR, v. THE SU-
PREME COUNCIL CATHOLIC BENEVOLENT LEGION,
PLAINTIFF IN ERROR.

Argued March 5, 1903—Decided June 15, 1903.

1. The testimony of a person as to the approximate age of his older
   brother is not necessarily based on hearsay, and may be legitimate
   original evidence, if the brothers passed their childhood together.
2. The question whether a party, who seeks to overcome such testi-
   mony by an entry of baptism in a church registry indicating that
   the brother was about six years older than he was according to
   the testimony, has borne the burden of proof, is a question of fact
   for the jury.

On error to the Essex Circuit.

For the plaintiff in error, *Thomas J. Lintott* and *Frederick
T. Johnson.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

DIXON, J.   This suit was brought to recover the amount of
a benefit certificate issued by the defendant to Peter Hancock
on his becoming a member of the legion.

At the trial in the Essex Circuit the question in dispute was
whether Peter Hancock was on November 22d, 1888, over
fifty-five years of age.   He having shortly before that day
presented to the defendant his application for membership
declaring himself to be between fifty-one and fifty-two years
of age, and the defendant having accepted that application
and received him as a member, the burden was cast upon the
defendant to overcome the force of the declaration, under
the rule that he who charges wrong upon his adversary must
establish it.

The proof offered by the defendant was the registry of bap-
tisms kept in the Roman Catholic church of Tallow, Ireland,

stating that Peter Hancock was baptized in that church on June 30th, 1833, coupled with the testimony of Robert Hancock proving the identity of that Peter Hancock with the Peter first above mentioned, who was Robert's elder brother. To meet this evidence the following cross-examination of Robert, who testified on July 20th, 1901, appears:

"*Q.* How old are you?

"*A.* I suppose about fifty-seven or fifty-eight.

"*Q.* How much older was your brother, Peter, than you?

"*A.* Well, I suppose he might be two or three years.

"*Q.* So if he had lived until to-day he would be about sixty-two, would he?

"*A.* I suppose about sixty-one, or something like that, maybe.

"*Q.* Don't you know what year you were born in?

"*A.* I could not tell you that; it never bothered me a bit."

According to this testimony, Peter, at the time of his application was less than fifty years old.

On this testimony two questions are raised by the defendant—*first,* whether it was legitimate evidence, and *second,* whether it was of such force as to warrant its submission to the jury.

The objection made to the legitimacy of the testimony was that it must have been based solely upon hearsay. But this objection evinces some misapprehension of the nature of the testimony. The testimony of a person as to his own age, if it relates to his birthday, must necessarily rest on hearsay, but if it relates to his approximate age it may rest on observation. One may count the years covered by his memory and they, with the addition of a small number that have passed into oblivion, will inform him of his approximate age. In like manner one who has spent his childhood with another person in childhood, as do children of the same household, acquires by observation some knowledge of the comparative ages of himself and the other, and by this comparison obtains some knowledge of the approximate age of the latter. The testimony in this case related to the approximate, not the

exact, age of Peter, and, therefore, does not appear to rest on hearsay.

We think also that it was of such force as to present a question for the jury. While the witness was manifestly uncertain as to the ages of himself and his brother, yet his testimony cannot be reconciled with the claim of the defendant unless we assume an error of at least six years in his approximation. Assuming an error of one year in the church registry would take away all support from the position of the defendant. Which of these errors was the more probable, or, to speak with precision, whether accuracy in the registry was so much more probable as to overcome both the testimony of the witness and the declaration of Peter in his application, is a question on which minds may rationally disagree, and hence was for the jury.

We find no error in the record, and the judgment should be affirmed.

MAGIE, CHANCELLOR (dissenting). I find myself unable to agree with the majority of the court in affirming the judgment in this case. In my view there was manifest error in the mode of submitting the case to the jury. When the case was here before we declared that certain entries of baptisms contained in the register of the parish in Ireland were competent and admissible evidence, and that, under a return to a commission issued from the court and under the stipulation of counsel, certain copies of such entries were admissible as examined and verified copies, having the probative force which the register itself would have had if produced. *Hancock* v. *Catholic Benevolent Legion*, 38 *Vroom* 614.

Upon that decision I think it plainly erroneous to instruct the jury that the accuracy of that testimony depended upon, not only whether the parish priest who made the entries in the register made them correctly, but also whether the parish clerk who read the entry when it was transcribed in the copy read it correctly, or whether the one who transcribed the entry transcribed it correctly.

This permitted the jury to speculate as to the accuracy of copies which, under the stipulation as construed by us, were admissible as verified copies of the original entries.

Whether the jury could properly be permitted to judge of the accuracy of the entry by the parish priest is not necessary to decide. Such an entry is, concededly, *prima facie,* correct. The jury should not be permitted to ignore it, except on some evidence raising the question of accuracy. My associates who vote to affirm find a question of that sort raised by the evidence of Robert Hancock, brother of the Peter Hancock whose age was in question. This witness testified that he supposed he was fifty-seven or fifty-eight years of age when he was examined in July, 1901. By the copies of the entries he appears to have been baptized September 14th, 1839, and, unless that entry was inaccurate, he was sixty-two years of age in 1901. He further testified that he supposed his brother, Peter, might be two or three years older than himself. The copies of the entries show that Peter was baptized June 20th, 1833, nearly six years before Robert was baptized, and that there was a female child of the same parents who was baptized November 29th, 1835.

Giving to the evidence of Robert its full force, it was, in my judgment, insufficient to justify the instruction that a jury might infer that an entry in the register by the parish priest had been inaccurately made.

*For affirmance*—Van Syckel, Dixon, Garrison, Fort, Hendrickson, Bogert, Vredenburgh, Voorhees. 8.

*For reversal*—The Chancellor, Chief Justice, Garretson, Pitney, Vroom. 5.