## BALDWIN v. SALGADO.†

(Court of Civil Appeals of Texas. Jan. 18, 1911. Rehearing Denied March 22, 1911.)

1. PUBLIC LANDS (§ 179*)—SALE OF SCHOOL LAND—CONFLICTING CLAIMS—DEFENSE OF INNOCENT PURCHASER.

The defense of innocent purchaser is inapplicable to cases involving conflicting claims as purchasers of school land.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 583; Dec. Dig. § 179.*]

2. PUBLIC LANDS (§ 173*)—SALE OF SCHOOL LAND—FORFEITURE OF PURCHASE.

A declaration of forfeiture of a purchase of school land for collusion was not authorized as part of the duties of a Commissioner of the General Land Office, and can be raised only by the state.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 549; Dec. Dig. § 173.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—CURE.

Where, in a suit involving conflicting claims as purchasers of school land, the court charged that the burden was on plaintiff to establish facts necessary to an affirmative finding on questions to the jury determining his rights as a purchaser, error in a charge that indorsements of cancellation on certified copies of plaintiff's application, etc., should be considered solely to show they were made and their date, was cured, though the declaration of forfeiture was conclusive on plaintiff, or at least prima facie evidence of existence of the facts on which it was based.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–718; Dec. Dig. § 296.*]

4. INFANTS (§ 99*)—ACTION ON CONTRACT—MINORITY OF PARTY AS DEFENSE—BURDEN OF PROOF.

A defendant, pleading plaintiff's minority to avoid a contract on which suit is based, must

prove it, and plaintiff need not show affirmatively that he was capable of contracting.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 294; Dec. Dig. § 99.*]

**5. PUBLIC LANDS (§ 173*)—FORFEITURE OF PURCHASE—AUTHORITY OF COMMISSIONER OF GENERAL LAND OFFICE.**

A Commissioner of the General Land Office is not authorized to forfeit a purchase of school land on the ground of the purchaser's minority, though the state could cancel a sale on that ground in a proceeding for that purpose.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 549; Dec. Dig. § 173.*]

**6. PUBLIC LANDS (§ 173*)—PROCEEDINGS TO CANCEL SALE.**

In a proceeding to cancel a sale of school land on the ground of the purchaser's minority, the state must allege and maintain it by proof.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 549; Dec. Dig. § 173.*]

**7. PUBLIC LANDS (§ 173*)—FORFEITURE OF PURCHASE—GROUNDS THEREFOR.**

Acts 1907 (Acts 30th Leg. c. 20) § 6e, wherein grounds for declaring a forfeiture of a purchase of school land are specified without mention of a failure to settle in good faith, does not change the law as to a settlement in good faith, and authority to declare a forfeiture for failure to so settle, as section 6a expressly provides that the land shall be sold on condition of settlement as provided by this act and existing statutes.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 549; Dec. Dig. § 173.*]

**8. EVIDENCE (§ 318*)—HEARSAY—BAPTISMAL RECORD AS PROOF OF AGE.**

Where the priest's duty at a baptism was to record the age on information obtained from the parents or sponsors, and there is nothing to show that he obtained his information from the parents who would know, the record is inadmissible to show age; the record in such case being open to suspicion that the fact of age may have been made known to him by the sponsors, so that it would indicate hearsay on hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. § 318.*]

Appeal from District Court, Presidio County; W. C. Douglas, Judge.

Action by Jose Salgado against Jacob Baldwin. From a judgment for plaintiff, defendant appeals. Reversed.

Jacob C. Baldwin, for appellant. Walter Gillis, E. F. Higgins, and J. A. Gillette, for appellee.

JAMES, C. J. The plaintiff's (Jose Salgado's) amended petition composed of two counts alleged: (1) In ordinary trespass to try title for certain sections 6, 8, and 18 in Presidio county. (2) That on or about January 5, 1909, that said lands were public school land; that at the date defendant's unlawful entry therein and ejectment of plaintiff therefrom plaintiff held the same under an award duly made to him by the Commissioners of the General Land Office on or about December 1, 1906, the same having been awarded him as additional land to his home tract which was school section 495, which had been duly awarded him on or

about September 8, 1906 as a home tract; that on or about October 25, 1906, the commissioner also duly awarded plaintiff section 36 as additional land; that said sales were valid and lawful sales, but, if there was any defect, irregularity, or invalidity in said awards and sales to plaintiff, that no suit based thereon was ever brought by defendant or any other person within one year after the dates of such awards and sales; and that it is now conclusively presumed by law that the same were lawful and valid and defendant is now barred from asserting the defect, irregularity, or invalidity thereof by the one-year statute of limitations.

Defendant pleaded general denial and not guilty, replied to the plea of limitations, for the reason that, if plaintiff purchased the lands as alleged by him, he was not 21 years of age at the time, and was not such person as was authorized to purchase and any sale to him was void; and for the reason that on or about January 2, 1909, the commissioner duly and legally forfeited said sales, and on or about January 9, 1909, duly awarded and sold the surveys involved in this suit to defendant, who complied with all requirements, and is now the purchaser thereof in good standing, and so recognized by the commissioners and by the state. Defendant further alleged that he was on or about July 1, 1909, the owner in fee simple of the sections 6, 8, and 18, and that on or about that date plaintiff Salgado unlawfully entered upon same and ejected defendant therefrom, and unlawfully withholds from defendant the possession thereof, to his damage, etc.

The court submitted special issues, which, with the answer, are as follows:

"(1) Did plaintiff, Jose Salgado, become an actual settler upon section 495 within 90 days after the award to him? Ans. Yes.

"(2) Did said Salgado continuously reside upon and occupy said section 495 from the date of his settlement, if any, therein to the date of the award of section 36 (October 25, 1906) to plaintiff? Ans. Yes.

"(3) Did said Salgado reside upon and occupy said section 495 and afterwards reside upon and occupy said section 36, and maintain said cumulative residence and occupancy, if any, continuously from October 25, 1906, until the 4th day of August, 1909? Ans. Yes.

"(4) Was said Salgado as much as 21 years old on July 9, 1906? Ans. Yes.

"(5) Was said Salgado as much as 21 years old on August 4, 1906? Ans. Yes.

"(6) Did said Salgado erect or cause to be erected upon some tract or tracts of the state school lands purchased by him and described in his petition permanent and valuable improvements of the reasonable market value of $300 after the award of said tract or tracts of land to him by the Commissioner

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
135 S.W.—39

of the General Land Office, and before August 4, 1909? Ans. Yes."

Judgment was accordingly entered for plaintiff for the three, sections, 6, 8, and 18, and that defendant take nothing on his cross-action.

The first assignment of error complains of the refusal of a request by defendant for a peremptory instruction on the undisputed facts. Appellant's propositions are: (1) That it was the duty of the court to give the instruction, inasmuch as the undisputed evidence shows that the award to appellee had been forfeited by the commissioner for collusion and failure to settle upon, occupy, and improve the land in good faith as a home, as required by law, and inasmuch as it was made the duty of the commissioner to cancel the award and sale of any school land for the reasons above set forth, and for which this forfeiture was made, the act of the commissioner in declaring the forfeiture was conclusive upon the appellee and all other persons. (2) Inasmuch as it appeared from the undisputed evidence that the said lands were forfeited as aforesaid for reasons authorized by law, and again placed upon the market and sold to Baldwin for a valuable consideration, without notice of any defect in the title, or of any right of plaintiff, he was entitled to protection as an innocent purchaser. (3) Under the undisputed facts, the evidence was insufficient to show plaintiff to be an actual bona fide settler on the land within the meaning of the law. We conclude on these propositions that the evidence was sufficient to show settlement as required by law; that the defense of innocent purchaser is not applicable in this class of cases; that the action of the commissioner in declaring a forfeiture for collusion was not authorized as a part of that officer's duties, and can be raised only by the state (Harper v. Terrell, 96 Tex. 479, 73 S. W. 949; Logan v. Curry, 95 Tex. 664, 69 S. W. 129; Hamilton v. Votaw, 31 Tex. Civ. App. 684, 73 S. W. 1091; Bumpass v. McLendon, 45 Tex. Civ. App. 519, 101 S. W. 491); that his act in forfeiting for the other reasons assigned by him was not conclusive (King v. Jones, 78 Tex. 285, 14 S. W. 571; Barnes v. Williams, 102 Tex. 444, 119 S. W. 90; Harris v. Byrd, 3 Tex. Civ. App. 677, 22 S. W. 659; Zettlemeyer v. Shuler, 115 S. W. 79; Slaughter v. Terrell, 100 Tex. 604, 102 S. W. 399).

The disposition of the second assignment of error is involved in the above conclusions, and is therefore overruled.

The third assignment complains of paragraph 10 of the charge, which, in substance, was that the indorsements of cancellation on the certified copies of plaintiff's application, etc., should be considered solely for the purpose of showing that the cancellations were made by the commissioner and the date of the cancellation. This is alleged to be error, for the reason that his act in declaring the forfeiture was conclusive on the plaintiff, and, if not conclusive, it was at least prima facie evidence of the existence of the facts upon which the forfeiture was based. Inasmuch as the court charged the jury that the burden of proof was upon plaintiff to establish by a preponderance of the evidence the facts necessary to an affirmative finding upon questions 1, 2, and 3, it, in fact, gave the act of the commissioner the effect of prima facie evidence.

The fourth complains of the charge on the burden of proof in placing same as to questions 4 and 5 upon defendant, and appellant makes the point that, as the burden was upon plaintiff throughout, plaintiff could not recover except upon the strength of his own title, to do which he must establish, among other facts, that he was a person authorized by law to purchase, and that he was 21 years of age at the time of the award to him, and that this is especially so after a forfeiture of his purchase and a sale by the commissioner to defendant. We think the court did not err in the instruction. In Walker v. Rogan, 93 Tex. 248, 54 S. W. 1018, it was decided that a minor being incapable of entering into a binding contract with the state for the purchase of school was not a person who could become a purchaser of school land. It would hardly be contended that a person asserting rights under a contract must in all cases fail in his action unless he developed affirmatively that he was capable of contracting at the time the contract was entered into. Insanity and minority stand alike in this respect, and such matters, if relied on, must be alleged and proved by the defendant. Abbott's Trial Ev. (2d Ed.) pp. 1012, 1013. They are matters of defense. There is no authority given the commissioner to forfeit on the ground of minority. The state could in a proceeding for that purpose doubtless cancel a sale on that ground, but unquestionably it would have to allege and maintain it by proof, and in our opinion no person can have the benefit of such matter in avoidance of a contract without setting it up. We suggest that, where the evidence on an issue is conflicting, the safe way in which to submit the issue is according to the preponderance of the evidence.

The seventh, eighth, and ninth assignments complain of the refusal to allow defendant, either by introduction of testimony or by a charge submitting the issue, to go into the question of collusion in respect to plaintiff's purchase. The action of the court in this respect was correct, and is in accord with a conclusion already arrived at in this opinion.

The tenth alleges that the court erred in refusing to permit defendant to adduce evidence to establish the fact that plaintiff did not apply for and did not buy his home section, or the land in question, in good faith for the purpose of making same a home and in refusing to permit defendant to go into that issue.

This assignment is well taken. The court

evidently entertained the view, and counsel for appellee in their brief insist that, as they put it: "When the Commissioner of the General Land Office has received and filed an application to purchase school land, which is accompanied by the statutory affidavit and obligation, and after due consideration accepts the said application and awards the land therein described to the applicant, he is without power to terminate the rights óf the applicant thus acquired by an indorsement of forfeiture upon the ground of bad faith in making the application, that not being among the powers conferred upon him by law, and the bona fides of appellee in purchasing the lands in controversy was not an issue in this case." This means nothing more or less than that naked act of the purchaser "establishing himself upon the land in person with such effects as are reasonably necessary, under the attending circumstances, for his convenience and comfort in living, sleeping, and eating in some character of habitation, such place being actually occupied and used as a home, is all that the law requires." The court refused to permit plaintiff to be interrogated as to his intent. The indorsement by the commissioner was "for collusion and failure to settle upon and occupy and improve the land in good faith as a home as required by law." It is claimed that the act of 1907 (section 6e) p. 494, mentions four grounds only upon which the commissioner is authorized to declare a forfeiture, viz.: Failure to settle on the land within the required time; failure to file affidavit of settlement in the land office within the required time; failure to comply with the law as to residence on the land, or where the purchaser executes a transfer contrary to the provisions of the act; and, as the commissioner can declare forfeitures only upon the express grounds specified in the statute, a forfeiture could not be declared by him on any such ground as the failure of the applicant to settle in good faith. Section 6e of the act of 1907 does not effect any change in the law on the subject from what it was before. Section 6a of the same act, relating to "settlement and residence," expressly provides that the lands in question shall be sold on condition of settlement as provided by this act and existing statutes. These statutes mean that the settlement, residence, and improvement shall be in good faith as an essential part of it. A discussion of this question will be found in an opinion by this court this day delivered in the case of Lefevre v. Jackson, 135 S. W. 212, which renders it unnecessary to be repeated here, but which is referred to as embodying the conclusions of this court on the subject in full. The fact of collusive purchase, which cannot be inquired into by an individual, is not identical with the question of bona fides which may be. A person may not be holding in collusion with another, and yet may not be holding for himself in good faith as contemplated by law. The intent which accompanies his residence, etc., is of vital importance.

The charges attacked by the eleventh and twelfth assignments are not subject to the objections made to them.

The fifth assignment complains of the refusal to admit as evidence what purports to be an examined copy of plaintiff's baptismal record upon the issue of his age. The question of practice as to whether or not the proof by means of an examined copy was in such form as to authorize its admission becomes an unnecessary question, if the parish baptismal record itself cannot be used to establish the age of this plaintiff. We shall therefore address ourselves to that question. Such registers are records of a public nature, and are generally held admissible as evidence of the facts disclosed by them, even of the age of the party, and may be proved by examined copies. For this general rule we may refer to the case of Hancock v. Supreme Council, 67 N. J. Law, 614, 52 Atl. 301, and the discussion therein. Also Hunt v. Supreme Council, 64 Mich. 671, 31 N. W. 576, 8 Am. St. Rep. 855; Drosdowski v. Chosen Friends, 114 Mich. 178, 72 N. W. 169; Collins v. Germ. Am. Mut. Life Ass'n, 112 Mo. App. 209, 86 S. W. 891. We have no authoritative decisions in this state as to the admissibility of such registers to show age of the party. In Bailey v. Fly, 35 Tex. Civ. App. 410, 80 S. W. 676, the Court of Civil Appeals of Texas for the First district held such registers inadmissible to show anything but the fact of baptism, and placed the decision upon the ground that the priest or person making the record must have acted upon hearsay statements made to him as to the fact of age. It does not appear in the report of said opinion that it was shown to have been a part of the duty of the person making the record to record the age of the party. The authorities are numerous holding that the record may be used to show age, where it is shown to have been the person's duty to record that fact.

The proof in this instance was that it was the priest's duty under the regulation of the church to record the age, and that he obtains his information of such fact, at the time, from the parents or from the sponsors. There is nothing in the record offered which shows that he obtained his information from the parents who would know, and not from the sponsors who could not be supposed to know, the fact. With the record in this condition, the testimony is open to the suspicion that the fact may have been made known to the priest by the sponsors, and, if so, it would indicate hearsay upon hearsay, and we are of opinion that the record was not admissible, at least for this reason.

We think the sixth assignment of error should be overruled.

Reversed and remanded.