J. B. THRASHER HALL, Appellant, v. H. J. JOEL et al., Defendants; HANNAH EHRLICH et al., Respondents.

St. Louis Court of Appeals, April 29, 1902.

1. **Practice, Civil:** PETITION: DEMURRER: TRUST FUND: STRANGER TO THE FUND. Although a trust fund, it could not be pursued by any one who was not a creditor of the firm of Greengard & Ehrlich at the date of the execution of the deed of assignment. The deed of assignment, made for certain creditors, did not contain plaintiff's name, which made plaintiff a stranger to the trust, without any beneficial interest in the fund.

2. ———: ———: ———: PARTY SUING MUST HAVE A BENE-FICIAL INTEREST IN THE FUND. The demurrers to plaintiff's petition on the ground that it failed to show that plaintiff had any beneficial interest in the trust fund, were properly sustained. His remedy was against the party who employed him.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*Koehler & Reiss* for appellant.

(1) The agreement under which this plaintiff was employed was made by Joel, as trustee, and in the interest of the trust estate. It was not a personal contract with Joel, nor was it an agreement binding upon the Greengard & Ehrlich Manufacturing Company. Mechem on Agency, sec. 446. (2) Where the funds of a trust estate are misappropriated or misapplied, any beneficiary of such trust who is wronged or injured by such misappropriation or misapplication may follow such trust funds into the hands of any person receiving the same and compel a return or redistribution of such trust

funds.   Pundmann v. Schoeneich, 144 Mo. 149; Evangelical
Synod of North America v. Schoeneich, 143 Mo. 653; Ed-
wards v. Welton, 25 Mo. 379; St. Louis Union Soc. v.
Mitchell, 26 Mo. App. 206.

No brief for respondents.

BLAND, P. J.—The petition is as follows:
"J. B. Thrasher Hall, plaintiff, v. H. J. Joel; H. J.
Joel, trustee; Morris D. Greengard and Jacob Ehrlich, co-
partners, composing the firm of Greengard & Ehrlich Manu-
facturing Company; Hannah Ehrlich; S. Greengard; and
The Fourth National Bank of St. Louis, a corporation, de-
fendants.

"Now comes the plaintiff and for his amended petition
and cause of action states that the defendant, The Fourth
National Bank, of St. Louis, now is and at all times here-
inafter mentioned was a corporation duly organized and exist-
ing under the laws of the United States relative to national
banks; and plaintiff states that prior to the thirty-first day
of January, 1898, the defendants, Morris D. Greengard and
Jacob Ehrlich, were co-partners, doing business under the
firm name and style of Greengard & Ehrlich Manufacturing
Company.

"Plaintiff states that on or about the thirty-first day of
January, 1898, the said Jacob Ehrlich and the said Morris
D. Greengard, doing business under the firm name and style
of Greengard & Ehrlich Manufacturing Company, did execute
and deliver a certain deed of trust to H. J. Joel, as trustee,
for the benefit of the following named creditors, to-wit:   The
Fourth National Bank of St. Louis in the sum of four thous-
and dollars; S. Greengard in the sum of twelve hundred and
seventy-nine dollars; Hannah Ehrlich in the sum of eighty-
two hundred and fifty dollars.

"Plaintiff further states that in and by the said deed of

trust Greengard & Ehrlich Manufacturing Company did assign, transfer, deliver and set over unto the said H. J. Joel, trustee, all of the assets and property to said co-partnership belonging. Plaintiff further states that in said deed of trust there was contained a provision that the said trustee should at once enter into possession and take charge of the said property and assets, and a further provision that if certain debts therein mentioned were not paid on or before a day certain, then and in that event the said trustee should, as speedily as possible, reduce the said property and the said assets to cash, and out of the proceeds should pay, first, the costs and expenses of administering the said trust; the remainder, if any, next to be applied towards the payment of an alleged indebtedness due the Fourth National Bank of St. Louis, and if any balance then remain to be applied to the alleged debt due and owing to S. Greengard, the then remaining fund to be next applied to the alleged debt due and owing to Hannah Ehrlich, and the then remaining balance, if any, to be returned to the said co-partnership, the Greengard & Ehrlich Manufacturing Company.

"Plaintiff further states that the said H. J. Joel did duly enter upon his duties as trustee pursuant to the said deed of trust, and did take possession of the said property and assets, and did so remain in possession and control of the said property, assets and funds up to, on or about the eighteenth day of November, 1898.

"Plaintiff further states that on or about the sixth day of March, 1898, while the said H. J. Joel, as trustee, was in possession of the said property and assets, said property was destroyed by fire; that the said property had been insured by the said trustee, and that on or about the seventh day of March, 1898, the said H. J. Joel, as trustee, in pursuance and by virtue of the said deed of trust, did engage, procure and employ the plaintiff herein to assist and render service in the adjustment of the loss caused by the said fire, with the various

insurance companies in interest, which employment the plaintiff herein duly accepted; that the said H. J. Joel, as trustee, in order to procure the employment of the plaintiff herein, did execute and deliver a certain contract to this plaintiff, which is in words and figures following, to-wit:

" 'St. Louis, March 7, 1898.

" 'We hereby employ Thrasher Hall to assist us in the adjustment of our claim against the insurance companies in which we held policies for the loss and damage by fire of March 6, 1898, to our property on the northwest corner of Second and Carr streets, St. Louis, Missouri, and agree to pay him for his services five per cent of the amount of the adjusted claim.

   (Signed)        " 'GREENGARD & EHRLICH MFG. CO.,
                        " 'By H. J. JOEL, Trustee.'

Which said contract is filed herewith and made part of this petition and marked Exhibit 'A.'

"Plaintiff further states that he did duly enter upon the employment in that behalf and did render service and assist in the adjustment of the amount of the claim against the insurance companies in interest; and plaintiff further states that on or about the fifteenth day of October, 1898, the said trustee was enabled to and did, with the aid of such service rendered by this plaintiff, adjust the said claim or claims with the insurance companies in such manner that the latter agreed to and did pay to the said trustee, because of the fire and claims as aforesaid, the sum of twelve thousand five hundred dollars.

"Plaintiff states that by reason of the things and matters above stated there became due and owing from the said trustee and out of the said funds to this plaintiff the sum of six hundred and twenty-five dollars; and plaintiff states that he did duly demand payment from the said trustee out of the

said trust funds of the said sum of six hundred and twenty-five dollars, but that the said trustee did and does now refuse to pay this plaintiff the said sum or any part thereof.

"Plaintiff states on information and belief that the said H. J. Joel, as trustee, has distributed the said trust funds, and that the same has been paid to the said The Fourth National Bank of St. Louis, to S. Greengard and Hannah Ehrlich and to Morris D. Greengard and Jacob Ehrlich, composing the firm of Greengard & Ehrlich Manufacturing Company.

"Plaintiff states that prior to or at the time of the said distribution, he is informed and verily believes, the parties to the said distribution were advised of the claim of this plaintiff and the contract subsisting between the plaintiff and H. J. Joel, as trustee. That the said parties and all of them knew that the adjustment of the claims as aforesaid was a service for which a necessary expense had been incurred by the trustee and accepted the benefits accruing thereunder. Plaintiff further states that under and by virtue of the said deed of trust he is advised and believes that the plaintiff's claim should have been paid before the said trust fund was distributed, inasmuch as the claim constituted an expense incurred in the execution of the said trust, and that the plaintiff is without adequate remedy at law. That the said trust fund has now passed into the hands of the defendants, The Fourth National Bank of St. Louis, S. Greengard, Hannah Ehrlich, and Morris D. Greengard and Jacob Ehrlich, the latter composing the firm of Greengard & Ehrlich Manufacturing Company.

"Wherefore plaintiff prays that he be given judgment for said sum of six hundred and twenty-five dollars, and further prays that the said trustee be ordered to pay this said judgment out of the said trust fund, if he still has it in his possession, before distributing the same to the creditors in the said deed of trust specified; and plaintiff further prays that the said defendant, The Fourth National Bank of St. Louis, S. Greengard, Hannah Ehrlich and Morris D. Greengard and

Hall v. Joel.

Jacob Ehrlich, the latter composing the firm of Greengard & Ehrlich Manufacturing Company, be required to pay into court any and all sums they or either of them may have received out of the said trust funds, so that plaintiff's claim may be satisfied as in the deed of trust provided."

Defendants Hannah Ehrlich and S. Greengard joined in a general demurrer to the petition. The defendant bank filed a separate demurrer. Plaintiff dismissed his suit as to the other defendants. Both demurrers were sustained by the court, plaintiff declined to amend his petition and the court rendered final judgment on the demurrers. After taking the usual steps defendant appealed.

His contention is that the money collected from the insurance companies by Joel, as trustee of the firm of Greengard & Ehrlich, was a trust fund and that he had a right to follow it into the hands of defendants, to whom it was paid by Joel. Granting that the fund was a trust fund, and that it might be pursued into the hands of defendant, yet it could not be so pursued by any one who was not a creditor of the firm of Greengard & Ehrlich at the date of the execution of the deed of assignment. The deed was not made for the benefit of creditors generally, but for the benefit of the creditors named in the instrument. Plaintiff's name is not in the deed and, hence, he is a stranger to the trust and has no beneficial interest in the fund. His remedy is against the party who employed him. Judgment is affirmed. *Barclay, J.,* concurs; *Goode, J.,* not sitting.