Monroe Davis v. Ben J. Tillar.

Decided May 2, 1903.

**School Land—Sale—Prior Lease—Presumption.**

Where a junior applicant to purchase State school land sued to recover it of a senior applicant to whom it had been awarded and patented, and the evidence showed that the senior application and award thereon were made within the time covered by a prior five years lease of the land by the State to another person, and that the first year's rental under the lease was duly paid at its execution, but did not show whether or not any other payments of rent had been paid, or whether or not the lease had been canceled, the presumption that the Land Commissioner did his duty in so awarding and selling the land was not overcome, and judgment was properly rendered against the plaintiff. This case distinguished from Stokes v. Reilly, 29 Texas Civ. App., 375, where a right under the lease was asserted.

Appeal from the District Court of Scurry. Tried below before Hon. Arthur Yonge, Special Judge.

*Higgins & Carnutte* and *Jenkins & McCartney,* for appellant.

*Ed. J. Hamner,* for appellee.

STEPHENS, Associate Justice.—The section of school land in controversy was patented to appellee, plaintiff below, as assignee of Andy Trevey, the original purchaser, February 24, 1902, a short time before the institution of this suit.

Andy Trevey, after proving up three years occupancy of his home section, applied to purchase the section in dispute as additional land the —— day of June, 1900, and it was awarded to him —— day of August, 1900. Appellant made his application to purchase it as an actual settler thereon —— day of June, 1901, complying in all respects with the law and being an actual settler as claimed.

September 18, 1895, the Commissioner of the General Land Office issued a five-year lease to B. E. Wagner, which included the land in controversy. The proof showed the payment in advance by Wagner of the first year's rent but was silent as to whether or not any other payments had been made, or as to whether or not the lease had been canceled. So the court found, the record containing conclusions of law and fact, but no statement of facts.

The presumption that the Land Commissioner did his duty in awarding the land to Trevey and in issuing patent to appellee was not overcome by proof of the issuance of the lease to Wagner nearly five years before the land was awarded to Trevey, although the award was made within the time covered by the terms of the lease. The lease might have been forfeited or otherwise removed as an obstacle to the purchase, and if it was still in force, appellant could easily have made proof of the fact.

No sufficient excuse was shown for not offering such testimony on

the trial, and the court did not therefore err in refusing a new trial on this ground.

The judgment is therefore affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

We are asked to distinguish, if possible, the ruling made in this case from a previous one made by this court in Stokes v. Riley, 29 Texas Civ. App., 375, 68 S. W. Rep., 703, and also from one made by the Court of Civil Appeals for the Third District in Sanders v. Mayes, 73 S. W. Rep., 35, in each of which cases it was held that the award of the Land Commissioner of land in the absolute lease district which he had previously leased to another, the term of whose lease had not expired when the award was made, did not warrant the presumption that such lease had been forfeited. In each of those cases an existing prior right was asserted under the lease, that is, the person against whom the presumption was invoked was holding and claiming the land under the lease, and was not required to prove that his right, which was prior to that of the other party, had not been divested by forfeiture or otherwise. But in this case no adverse claim was asserted under the lease, not even an outstanding title, and there was nothing to rebut the presumption that the Land Commissioner acted lawfully in awarding the land except the presumption that what is shown once to exist continues to exist. The prior right and legal title being in appellee, it was incumbent on appellant to do more than offer a presumption to rebut a presumption. He should have shown by proof a superior equitable title in himself. In each of the other cases the lease was offered in evidence as prior and superior title, and it was held that such title could not be destroyed by a mere presumption, the burden of proof being on the party attacking it. Here the burden was on the junior applicant to show the invalidity of the prior award, which distinguishes the cases.

It appears from the findings of fact that the land had been duly classified, appraised and placed on the market. It was therefore subject to sale when awarded to appellee's vendor, unless it was then under lease to some one opposed to the sale, which was not shown.

Finding no conflict between the rulings, we overrule the motion.

*Overruled.*

Writ of error refused.