## MRS. M. E. TREVEY v. W. R. LOWRIE.

Decided November 28, 1903.

**1.—Evidence—Copy of Judgment—Archive of Land Office.**

Where A. obtained judgment against T. for the recovery of school land not patented or paid out to the State, a copy of such judgment, when filed in the General Land Office, becomes an archive thereof, and could be proved by a certified copy of it made by the Commissioner.

**2.—School Land—Occupant—Bona Fide Settler.**

Actual settlement on school land does not, per se, entitle the party to purchase additional school lands, since the statute limits the right to so purchase to those who are "bona fide purchasers," and does not extend it to a mere occupant. Rev. Stats., art. 1418f.

**3.—Same—Right to Purchase Additional Land.**

The Act of 1895 did not limit the right to purchase additional lands to such persons as were actual settlers upon and purchasers of land classified as agricultural, and hence plaintiff was not precluded from purchasing such additional lands because his home section was classified as "watered grazing" land. Terry v. Dale, 27 Texas Civ. App., 1, not followed.

### ON REHEARING.

**4.—Same—Cancellation of Lease—Trespass to Try Title.**

Plaintiff sued in trespass to try title to recover school land by virtue of rejected applications to purchase it. It had been awarded to defendant, was in the absolute district, and was included in an unexpired lease by the State to a third party at the time of plaintiff's applications. Plaintiff claimed that, as to the given tract in suit, the lease had been waived in his favor by the lessor and canceled by the Commissioner. Held, that the burden was on plaintiff to show specifically that the lease had been canceled at a time, in a manner, and for a cause authorized by law.

Appeal from the District Court of Scurry. Tried below before H. R. Jones, Esq., Special Judge.

*Ed J. Hamner,* for appellant.

*Beall & Beall,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee, who was plaintiff below, claims the southwest quarter of section 143, block 97, of State school land in Scurry County by virtue of rejected applications to purchase made August 14, 1900, and May 16, 1901. Appellant claims said section 143 by virtue of an award thereof to her on April 20, 1900, as additional to her home section 128, in the same block, which had been awarded to her March 20, 1899. For the purpose of showing that appellant had no title to her home section at the time of the award to her of section 143, and that hence she was not a qualified purchaser of the latter section, the court, over appellant's objection, admitted in evidence a certified copy by the Commissioner of the General Land Office of a certified copy of a judgment of the district court rendered September 26, 1899, in favor of one G. A. Autry, and against appellant and others for the title and possession of said section 128.

We find no error in the ruling. An award of section 128 had been made to appellant, and Autry had a pending application to purchase, asserting a right to the award. The suit was therefore an appropriate method of determining the conflicting claims, and the copy of the final judgment in Autry's favor was appropriate evidence in explanation of such further action, if any, as the Commissioner should deem necessary to take in canceling the award to appellant and granting it on the application of Autry. In other words, said copy seems to be such instrument or paper as under the circumstances relates to the sale of appellant's home section 128, and hence to be within Revised Statutes, article 4218p, constituting all papers relating to sales of land records of the General Land Office. If so, the copy offered was admissible by the terms of Revised Statutes, articles 2308, 2315.

Appellant insists that in no event is the judgment against her admissible in behalf of appellee, who is a stranger thereto. But to this view we are unable to assent. As shown in the record it was in full force at the inception of appellee's claim to section 143, and has never been legally set aside. In form and legal effect it seems to have divested appellant of the title and right of possession to her said home section, and to this extent and for this purpose was admissible as one of the links or muniments of Autry's title. Ellis v. Le Bow, 96 Texas, 332, 7 Texas Ct. Rep., 493. In this connection appellant contends that, regardless of title, her prior applications are entitled to precedence inasmuch as she was at the time undisputedly an actual settler on her home section. The jury in answer to special issue submitted found that she was not a bona fide purchaser of the same at the time she applied therefor, or at the time she applied to purchase section 143. The right to purchase additional lands is limited by the statute to "bona fide purchasers." Rev. Stats., art. 4218f. No such right is extended to a mere occupant of other lands. See Boyd v. Montgomery, 27 Texas Civ. App., 206, 3 Texas Ct. Rep., 892.

As preliminary to the introduction of the copy of the judgment in Autry's favor his application to purchase section 128 as additional to his home section 122 was offered. Objection is urged that, inasmuch as it appears that Autry's home section had been classified as "watered grazing," he was not a competent purchaser of additional section 128; and hence that Autry's application to purchase section 128 should have been excluded on appellant's objection on this ground, the case of Terry v. Dale, 27 Texas Civ. App., 1, 65 S. W. Rep., 51, being cited in support of such contention. As one of the grounds of its decision it seems to have been held by the Court of Civil Appeals for the Third District, in the case cited, that the right to purchase additional lands was limited by the Act of 1895 to such persons as were actual settlers upon and purchasers of land classified as agricultural. If such be the proper construction of the decision named, we do not feel prepared to agree therewith. Considering the Act of 1895 as a whole, we think the

legislative intention was manifested that, except as otherwise provided, the Commissioner of the General Land Office should sell to proper applicants all State school lands. By section 3 of the act it is made his duty to carefully and skillfully classify such lands as had not theretofore been classified, after which by section 5 of the act, such lands were made subject to sale to actual settlers; and it is therein expressly declared, among other things, that "lands classified as purely pasture lands may be sold in quantities not to exceed four sections to the same settler." This, by plain implication, if not expressly, authorizes the Commissioner to sell to a qualified person as many as four sections of land that had been classified as purely pasture lands. The asserted limitation in section 8 of the sale of pasture lands to a bona fide settler and purchaser of one section of agricultural land is rather to be considered, we think, as a limitation of the power of the Commissioner to sell more than one section of agricultural land to the same person, and inasmuch as a writ of error in the case cited may have been refused upon another ground, we feel unwilling to follow it as authority for the proposition asserted by appellant.

It further appears that upon the trial it was shown that on October 24, 1897, the Commissioner of the General Land Office leased to one A. P. Bush, Jr., for a period of five years, a number of sections of school land, including, among others, said section 143, and that on the 30th day of November, 1898, said Bush assigned or released section 143 in behalf of appellant. The waiver of lease was shown by certified copy of the original instrument on file in the General Land Office, which was neither acknowledged nor had been recorded, to the introduction of which copy objection was made that it was not such instrument as was required or permitted to be filed with the Commissioner of the General Land Office. We think the objection must be overruled for reasons sufficiently indicated in what we have said in disposing of the assignment first treated. See also, Rev. Stats., art. 4218u; Stokes v. Riley, 29 Texas Civ. App., 375, 68 S. W. Rep., 705. The certificate of the Commissioner to the effect that, pursuant to the release on section 143, he had canceled the lease thereon, was objected to on the ground that, under the Act of 1895, a lease of State school lands can be canceled only "by a writing under his hand and seal of office," the recent case of Anderson v. Terrell, 97 Texas, —, 1 Gammel's Law Journal, 188, 8 Texas Ct. Rep., 312, being cited in support of this proposition. As indicated by the record, however, we do not understand the instrument purporting to have been executed by A. P. Bush, Jr., or the act of the Commissioner, to have been intended to work a cancellation of the lease issued to Bush. Said lease, as stated, included other sections than 143, and it was evidently intended that it should continue to operate as to all sections not designated in the release. The instrument designated in the record as a transfer of the lease to appellant seems to be no more in legal effect than a mere waiver or transfer on Bush's part of

his leasehold right to section 143 in favor of appellant, and upon presentation thereof to the Commissioner for his information no reason occurs to us, under recent decisions of the Supreme Court, why he might not act thereon, and other conditions being met, be authorized to make sale of the lands upon which said transfer or waiver operated without formal cancellation of the original lease to Bush.

As assigned, we find no error in the record, or other question we deem it necessary to discuss, and the judgment, being in our opinion sustained by the verdict of the jury, is affirmed.

### ON MOTION FOR REHEARING.

It is earnestly insisted that in affirming the judgment as was done on a former day of the term we brought ourselves in conflict with the cases of Smith v. McClain, 96 Texas, 568, 74 S. W. Rep., 754, and Pruit v. Scrivner decided by this court June 20, 1903 (32 Texas Civ. App., —), and we have so concluded.

As will be seen from the original opinion the land in controversy in this suit is situated in the absolute lease district and was included within the terms of a lease issued to A. P. Bush, Jr., October 24, 1897, that was unexpired at the date of both of appellee's applications to purchase. In such instances the cases above mentioned undoubtedly establish the doctrine that the Commissioner of the general Land Office has no authority to sell save to a qualified applicant in whose favor the lessor has waived his leasehold title. In the original opinion it was held, in effect, that the objections to the Commissioner's certificate of cancellation did not apply in cases where, as here, it appears that the lease as a whole has not been canceled, and where, as in the case before us, but a waiver or partial cancellation was attempted. We thought, however, that the certificate introduced in evidence, together with other evidence, at least tended to show that the Bush lease had in fact been canceled as to the land in controversy, in which respect this case is distinguishable from the cases cited, and that in the absence of proof of the ground of cancellation, which was not shown, we would assume that the Commissioner acted lawfully, and canceled the lease for an authorized cause. From which the conclusion of course followed that the land in controversy was subject to appellee's applications, it appearing that appellant was not a competent purchaser.

But on reconsideration we have concluded that we were in error because of the fact that appellee was the plaintiff below, asserting the right by virtue of rejected applications against one holding under an award. The burden was not upon appellant, as we in effect placed it, but upon appellee to show, under the circumstances appearing, not only that the lease as to the section involved was canceled, but also that the Bush lease had been canceled at a time, in the manner, and for a cause, authorized by law. See Rev. Stats., art. 4818v; Bank v. Dowlearn, 94

Texas, 389; Anderson v. Terrell, 97 Texas, —, 1 Gammel Law Jour., 188, 8 Texas Ct. Rep., 312; Ketner v. Rogan, 95 Texas, 559, 68 S. W. Rep., 102; Newland v. Slaughter, 30 Texas Civ. App., 228, 70 S. W. Rep., 102; Davis v. Tillar, 32 Texas Civ. App., —, 74 S. W. Rep., 921.

It follows from these conclusions that the motion for rehearing should be granted, the judgment reversed and the cause remanded for a new trial, and it is so ordered.

*Motion granted. Reversed and remanded.*