E. C. BUMPASS v. EUGENE McLENDON.

Decided March 16, 1907.

</div>

**1.—School Land—Abandonment—Forfeiture.**

Abandonment of or failure to occupy school land purchased under the laws in force prior to April 19, 1901 (Gen. Laws 1901, p. 292), would not ipso facto work a forfeiture of such purchase, but to effect this purpose it was necessary that affirmative action to that effect be taken by the Commissioner of the Land Office.

**2.—Same—Authority of Commissioner.**

The authority of the Commissioner of the Land Office to declare a purchase of school land forfeited because of abandonment, depends upon the existence of that fact. If the fact does not exist, the power does not exist.

**3.—School Land—Lienholder—Forfeiture.**

The act of the Commissioner of the Land Office in attempting to forfeit a purchase of school land cannot be binding and conclusive upon one having a valid lien on such land prior to said attempted forfeiture.

**4.—Trespass to Try Title—Pleading.**

In trespass to try title, where the petition is in the statutory form, the general rule is that the plaintiff will be permitted to introduce any competent parol evidence necessary to establish his title without pleading the facts. It is otherwise when the plaintiff is seeking the enforcement of an equity which the rules of pleading require to be set up by special plea.

**5.—Same—Same.**

One suing in trespass to try title for school land the purchase of which the Commissioner of the Land Office unlawfully attempted to forfeit, need not plead fraud or mistake on the part of the Commissioner.

Error from the District Court of Stonewall County. Tried below before Hon. H. R. Jones.

*Legett & Kirby,* for plaintiff in error.—The court erred in excluding and not admitting in evidence certified copy of application, affidavit and obligation of J. D. McLendon, for the purchase of the land in controversy, dated September 11, 1899, filed in the Land Office, September 15, 1899, and awarded January 22, 1900. Island City Savings Bank v. Dowlearn, 94 Texas, 383; Ketner v. Rogan, 68 S. W. Rep., 774; Harper v. Terrell, 73 S. W. Rep., 949; Newland v. Slaughter, 70 S. W. Rep., 102; Johnson v. Bibb, 75 S. W. Rep., 71.

*W. J. Arrington* and *H. G. McConnell,* for defendant in error.—The testimony offered by the plaintiff and excluded by the court would have

shown and did show conclusively that the land in controversy had been abandoned by J. D. McLendon, that he had failed to continue to reside upon and improve the land in good faith and that on April 20, 1901, it had become forfeited without any act of the Commissioner of the General Land Office. Sec. 3, chap. CXXV, p. 294, Acts 27th Legislature of Texas (became the law April 19, 1901); Mahoney v. Tubbs, 77 S. W. Rep., 822; Smith v. Hughes, 86 S. W. Rep., 936; Hardman v. Crawford, 63 S. W. Rep., 659; same case on motion for rehearing, 64 S. W. Rep., 938.

The act of the Land Commissioner on April 20, 1901, in endorsing the application of J. D. McLendon, "Land forfeited for abandonment," was conclusive and could not be attacked by plaintiff in error in this collateral proceeding. Sec. 3, chap. CXXV, p. 294, Act 27th Texas Legislature; Smith v. McClain, 87 S. W. Rep., 212.

There being no allegations of fraud or mistake on the part of the Land Commissioner, the defendant in error, or J. D. McLendon, and the proof offered by plaintiff in error having for its object and purpose the establishment of fraud and mistake, was properly excluded by the court. Willis v. Hudson, 63 Texas, 678; Moore v. Hazelwood, 67 Texas, 624; Merchant's Nat. Bank v. Barker, 8 Texas Civ. App., 334.

CONNER, CHIEF JUSTICE.—The plaintiff in error instituted this suit in the usual form of suits in trespass to try title, on the 9th day of October, 1905, to recover school land section number 26, block A, Stonewall County. Defendant in error answered by general denial and plea of not guilty. The court, having excluded all evidence offered by the plaintiff, rendered judgment for defendant, and hence this appeal.

The excluded evidence tends to show that the land in controversy was duly awarded to J. D. McLendon, the father of defendant in error, by the Commissioner of the General Land Office on January 22, 1900; that plaintiff in error on January 8, 1905, secured a judgment against the said J. D. McLendon in the sum of $2,648.28, foreclosing a vendor's lien on the land in controversy. The judgment directed the issuance of an order of sale by virtue of which the land was regularly sold and conveyed to plaintiff in error on April 4, 1905. Plaintiff in error further offered to show that all interest had been paid on account of the purchase by J. D. McLendon up to and including November 1, 1900, and that plaintiff in error had tendered the interest due the State November 1, 1901, which, however, was rejected by the State Treasurer on the ground that the award to J. D. McLendon had been forfeited as hereinafter stated. Plaintiff further offered to show that said J. D. McLendon continuously resided upon and occupied the land in controversy from the date of the award to him up to and including the day of trial. Inasmuch, however, as the purchase money obligation of J. D. McLendon, which had been offered by plaintiff in error, had indorsed across its face, "Land forfeited for abandonment, 4-20-1901. Charles Rogan, Comm'r," the court excluded all of the evidence hereinbefore referred to on the ground and objection of defendant in error, to the effect that the action of the Commissioner in forfeiting the sale to J. D. McLendon was conclusive, or if not, that there were no pleadings alleging fraud

or mistake on the part of the Commissioner of the General Land Office in indorsing on the application and obligation of J. D. McLendon that the sale to him was forfeited for abandonment, and that it hence could not be shown that the indorsement was unauthorized and of no effect.

We think the court erred in the rulings indicated. Contrary to the contention of defendant in error, the law of April 19, 1901, does not, in the matter under consideration, affect the right of one purchasing under previous laws. (Bates v. Bratton, 72 S. W. Rep., 157.) After the award, therefore, to J. D. McLendon, January 22, 1900, the land in controversy was no longer upon the market and subject to the application of and sale to defendant in error by the State, until the previous award to J. D. McLendon had been legally forfeited and the land again placed upon the market. (O'Keefe v. McPherson, 61 S. W. Rep., 534, and Bates v. Bratton, *supra.*) The law applicable to J. D. McLendon's purchase provides that "if any purchaser shall fail to reside upon and improve in good faith the land purchased by him, he shall forfeit said land and all payments thereon to the State in the same manner as for non-payment of interest, and such land shall be again for sale as if no such sale and forfeiture had occurred." (Revised Statutes, article 4218-l.) The Commissioner of the General Land Office is not the State, but merely one of its honored officers or agents, with delegated powers as defined by the Legislature, and in speaking of his authority to make forfeitures on the ground of abandonment, we said, in the case of Johnson v. Bibb, 75 S. W. Rep., 71: "The power is dependent upon the fact. Where the fact of abandonment does not exist, the power to forfeit on this ground can not exist." See also, Harper v. Terrell, 73 S. W. Rep., 949.

From the recitations of the judgment offered in evidence, it is to be implied that J. D. McLendon had created a valid lien in plaintiff's favor prior to the date of the forfeiture. In other words, that prior to the attempted forfeiture relied upon by the defendant in error, plaintiff in error had acquired a valid right, since perfected by the foreclosure proceedings. We held in the case of Harwell v. Harbison, 95 S. W. Rep., 30, that a purchaser of school land could create a valid lien thereon before he had completed the three years occupancy required by the statute, and that the same could be enforced after the requisite occupancy had been completed, even as against a subsequent vendee of the original purchaser, the owner of the lien in the meantime taking chances on the purchaser's complying with that condition of the State sale. Plaintiff in error was not a party to the act of the Commissioner in attempting to forfeit the sale to J. D. McLendon, and it seems to us his act should not be given conclusive effect. It is true that it was held in Logan v. Curry, 69 S. W. Rep., 130, and in Smith v. McLain, 87 S. W. Rep., 212, cited by defendant in error, that the certificate of the three years continued occupancy, issued by the Commissioner of the General Land Office, was conclusive as against one subsequently applying to purchase. These cases, however, as well as the case of Pardue .v. White, 21 Texas Civ. App., 124, are all limited to persons applying to purchase subsequent to the issuance of the certificate. And it is to be implied, at least, from all of them that one whose right was fixed

prior to the proof and issuance of the certificate is not concluded thereby. So, too, the act of the Commissioner in making an award, is presumptive evidence that the award was authorized and regular. But we have numerous adjudged cases which have proceeded upon the assumption that a qualified person, making proper application to purchase between an award and the issuance of the Commissioner's certificate of three years continued occupancy by the awardee, may attack the award and show that it was invalid because of a want of actual settlement, or a want of qualification on the part of the person to whom the award was made. In all such cases the act of the Commissioner has been held as creating only a rebuttable presumption of fact in favor of the award.

As to the remaining contention that the proffered proof was inadmissible in the absence of special pleading setting up fraud or mistake on the part of the Commissioner, we think it sufficient to say that as we interpret the record, plaintiff in error is not seeking the enforcement of any equity which, under the rule of pleadings in cases such as this, must be set up by special plea. Where the petition is in the statutory form, as in the case before us, the general rule is that the plaintiff will be permitted to introduce any competent parol evidence necessary to establish his title, although the fact proposed to be established by such evidence be not specially pleaded. (Edwards v. Barwise, 69 Texas, 84. See also, Rodriquez v. Lee, Adm'x, 26 Texas, 32; Rivers v. Foote, 11 Texas, 662; Hunt v. Turner, 9 Texas, 385.) If the Commissioner of the General Land Office was without authority to make the forfeiture attempted, his indorsement on J. D. McLendon's obligation could in no event have greater effect than to establish a presumption of regularity. It was hence unnecessary that equitable relief in the way of cancellation be obtained in order to avoid its effect.

We conclude that the judgment should be reversed and the cause remanded for the error of the court in rejecting the offered evidence.

*Reversed and remanded.*